ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNEAPOLIS PAINTING INDUSTRY WELFARE FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION FUND, MINNEAPOLIS PAINTING INDUSTRY APPRENTICESHIP TRAINING FUND, MINNEAPOLIS LOCAL #386 DRYWALL FINISHING INDUSTRY PENSION FUND AND THE MINNEAPOLIS PAINTING INDUSTRY CONFERENCE FUND.

Plaintiffs,

vs.

D. COBEY CO., INC.,

Defendant.

Civil No. 01-1039 DWF/AJB

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF MONEY JUDGMENT**

This matter was heard before the undersigned on the 22nd day of February, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on June 11, 2001.

2. Defendant was served with the Summons and Complaint in this matter on June 14, 2001.

3. Defendant failed to file and serve an Answer to the Summons and Complaint.

FEB 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 22 2002
DEPUTY CLERK

4. Plaintiffs filed and served a Motion for Default Judgment. Just before the hearing for that Motion, Defendant complied with Plaintiffs' requests to produce documents for an audit.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

6. Defendant accepted and agreed to be bound by certain a Collective Bargaining Agreement (Bargaining Agreement) with the Minnesota Painting and Wallcovering Employees Association and Local Union No. 386 Brotherhood of Painters and Allied Trades, Minneapolis, MN. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 20th day of the month following the month for which the contribution is being made.

7. Plaintiffs are entitled under the terms of the Bargaining Agreement to audit Defendant's payroll records to determine its compliance with the reporting and contributions requirements.

8. The Plaintiffs requested that Defendant submit records for the period of July 1999 through April 2001.

9. Subsequent to the Plaintiffs' filing and service of a Motion for Default Judgment, a complete set of records was produced.

10. Plaintiffs completed an audit of the Defendant's records and discovered hours worked by employees, but for which fringe benefit contributions had not been submitted.

11. The Plaintiffs' auditor determined that a total of $4,916.99 was past due and owing for fringe benefit contributions, $175.00 was due for audit fees, and $491.70 was due for liquidated damages.

12. Plaintiffs have incurred $1,882.50 in attorney fees and $383.99 in costs.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Plaintiffs are entitled to judgment of the amounts due for fringe benefit contributions as determined by the auditor, audit fees, plus liquidated damages of 10% of the unpaid contributions.

3. Plaintiffs are also entitled to judgment for their attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment against Defendant as follows:

   a. Judgment in the amount of $4,916.99 for the fringe benefit contributions for the period of July 1999 through April 2001;

   b. Judgment in the amount of $491.70 for liquidated damages;

c. Judgment in the amount of $175.00 for audit fees; and

d. Judgment in the amount of $2,266.49 for attorney fees and costs.

3. The total amount of judgment to be entered in favor of the Plaintiffs and against Defendant is $7,850.18.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 2-22-02

BY THE COURT

Donovan W. Frank
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.